Dear Mr. Chachere:
This office is in receipt of your request for an opinion of the Attorney General in regard to compensation and benefits for the Executive Director of New Orleans Center for Creative Arts/ Riverfront (NOCCA/Riverfront). You indicate NOCCA/Riverfront was established July 1, 2000 by R.S. 17:1970.21 et seq. It is an agency of the State contained in the Department of Education and governed and managed by an independent Board of Directors. Pursuant to its powers the Board has employed an Executive Director by a contract dated July 1, 2000, and amended contract on June 21, 2002, and again on August 22, 2002, and second contract dated October 1, 2002. By contract the Director is given the responsibility of daily management of NOCCA/Riverfront under the supervision of the Board, and sets out certain compensation and other benefits for the Executive Director.
Issues have arisen as to whether the Executive Director is granted certain compensation and benefits by operation of law although these items are not provided for in the contracts. After a review of the documents and state statutes, rules and regulations, the attorney for the board has concluded that the Executive Director would be a nonclassified employee, and as such would not be entitled to overtime or compensatory time unless such benefits were provided for in the contracts.
Accordingly, your inquiry is relative to the requirement for compensatory time and overtime for the Executive Director.
You further state that there are ancillary issues upon which you request guidance arising from the issue of compensatory and overtime payments. You set forth the following questions:
 1. Is a state agency required to pay overtime or grant compensatory time to an exempt, nonclassified employee under contract with the governing board of that agency to perform certain services for a specific contract amount?
 2. Is a state agency required or permitted to pay out accrued compensatory time on an annual basis?
 3. What does Louisiana law require or permit as measure to recover funds of the state agency inappropriately paid to an employee of that agency or to otherwise address the inappropriate receipt of compensation and benefits?
We find the observations in Rutlin v. Prime Succession, Inc.,220 F.3d 737 (6th Cir 2000) pertinent wherein it stated as follows:
 The FLSA requires an employer to compensate an employee who works over forty hours a week "at a rate of not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). There is an exemption from the overtime pay requirement, however, for those employed in a `bona fide' executive, administrative, or professional capacity." See 29 U.S.C. § 213(a)(1). This exemption is "narrowly construed against the employers seeking to assert [it]. Douglas, 113 F.3d at 70 * * * The employer bears the burden of proving that an employee fits into the exemption. The determination of whether a plaintiff is professional is "intensely fact bound and case specific." Bohn v. Park City Group, Ins., 94 F.3d 1475, 1461 (10th Cir. 1996). (Emphasis added.)
In Atty. Gen. Op. 00-503 this office stated it has recognized29 U.S.C. § 210 has certain exemptions to overtime compensation which include "bona fide executive, administrative, or professional capacity", but noted the courts have stated the decision whether an employee is exempt is primarily a question of fact. However, in Knecht, et al v.Board of Trustees, 591 So.2d 690 (La 1991) the court found an employer may be required to give compensatory time for overtime to an employee otherwise exempted from FLSA coverage when the employer has established a policy that allows for compensatory leave, and has obligated itself to payment of overtime by its contract of employment.
As stated above, 29 U.S.C. § 213(a)(1) provides that the provisions for minimum wage and maximum hours shall not apply to "any employee employed in a bona fide executive, administrative, or professional capacity". It is our opinion that an Executive Director would clearly fall into this category and, thus, be exempt from the overtime pay requirements of the FLSA unless a policy allowing overtime pay was in place and applicable to the employee.
However, whether a policy has been established providing for compensatory time for executives is a factual determination, and not a legal conclusion. This office has a policy that it will not seek out the facts nor issue an opinion on questions of facts.
There is no state law requiring the payment of overtime, and we cannot be of assistance in resolving the factual issue whether compensation for overtime for the Executive Director has been the policy. Your remaining questions are based upon the conclusion on this factual issue. The board must make the factual determination as to whether the Executive Director is in fact employed in an executive, administrative or professional capacity, and whether there is a policy in place concerning overtime pay.
We hope this sufficiently explains the position of this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:__________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr